## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lilian P. Villagran as the Administratrix of the Estate of Eryk Sanchinelli<br>2402 S. 18th Street<br>Mount Vernon, WA 98274<br><br>Plaintiff<br><br>vs.<br><br>Freightbull, Inc.<br>8100 47th Street<br>Lyons, IL 60534,<br><br>Voyd Watkins<br>216 Pleasant Meadows Lane<br>Dallas, TX 75217, &<br><br>John Does I-III<br><br>Defendants | Civil Action Law<br><br>Jury Trial Demanded<br><br>No. 2:22-cv-2159 |

### CIVIL ACTION – COMPLAINT

Plaintiff, by and through her undersigned counsel, avers the following in support of the Complaint against Defendants:

### I.    PARTIES

1. This lawsuit arises from a December 28, 2020, tractor trailer versus motor vehicle crash on Route 309 South in Bucks County that resulted in the death of the Decedent, Eryk Sanchinelli.

2. Plaintiff Lilian P. Villagran is the widow of the Decedent, Eryk Sanchinelli (hereinafter referred to as "Decedent").

3. The Decedent was born March 20, 1959, and died on December 28, 2020.

4. At the time of his death, the Decedent resided at 9114 S. Primrose Circle, Upper Macungle Township, Lehigh County, Pennsylvania.

5. The Decedent was a citizen of the Commonwealth of Pennsylvania.

6. Plaintiff resides at 2402 S. 18th Street Mount Vernon, WA 98274.

7. Pursuant to 28 U.S.C. Section 1332 (c)(2), Plaintiff is a citizen of the Commonwealth of Pennsylvania.

8. On April 21, 2022, Plaintiff Lilian P. Villagran was appointed Administratrix of the Estate of Eryk Sanchinelli, deceased, by the Lehigh County Register of Wills.

9. Plaintiff Lilian P. Villagran files this claim as the Administratrix of the Estate of Eryk Sanchinelli on behalf of the beneficiaries and heirs of the Estate.

10. The Decedent has two biological adult sons, whose whereabouts are unknown.

11. The names of the Decedent's beneficiaries and heirs are:

    a. Plaintiff, 2402 S. 18th Street Mount Vernon, WA 98274.

    b. Eryk R. Sanchinelli (son of Decedent)

    c. Jonny Sanchinelli (son of Decedent)

12. Defendant Freightbull Inc. is a corporate entity, incorporated in the State of Illinois, with its principal place of business located at 8100 47th Street, Lyons, IL 60534.

13. Defendant Freightbull Inc. is a citizen of the State of Illinois.

14. Defendant Voyd Watkins is an adult individual residing at 216 Pleasant Meadows Lane Dallas, TX 75217.

15. Defendant Voyd Watkins is a citizen of the State of Texas.

16. The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES I-III, inclusive, and each of them, are unknown to plaintiffs, who

therefore sue said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint and state the true names and/or capacities of said fictitiously named Defendants when the same have been ascertained.

17. At all times mentioned herein, Defendants, including DOES I-III, inclusive, and each of them, were the agents, servants, employees, and/or joint venturers of their co-Defendants, and each was, as such, acting within the course, scope, and authority of said agency, employment, and/or venture.

18. Defendant Freightbull, Inc. was at all times herein relevant the legal owner of a 2016 large white tractor trailer with vin number 1FUJGLD53GLGY0343 and Illinois plate PO895030 [hereinafter referred to collectively as the "The Tractor Trailer"].

19. At all times material hereto, Defendant Watkins was a professional driver and the operator of The Subject Tractor Trailer pursuant to a contract, lease, or other written agreement with his Co-Defendants.

20. At all times material, Defendant Watkins was the agent, servant, workman and/or employee of Defendant Freightbull, Inc. and was acting in the course and scope of his employment.

21. At all times material, Defendant Watkins was the agent, servant, workman and/or employee of Defendant John Does I-III and was acting in the course and scope of his employment.

22. Defendant Watkins obtained his training as a commercial truck driver from his employer, Defendant Freightbull, Inc.

## II.    JURISDICTION AND VENUE

23. Pursuant to 28 U.S.C. §1332, this Court has diversity jurisdiction over Plaintiff's claims as Plaintiff and Defendants are residents of different states and the amount in controversy far exceeds $75,000.00.

24. The crash giving rise to this claim occurred on Route 309 South in Springfield Township, Bucks County, Pennsylvania.

25. Venue is proper pursuant to 28 U.S.C. §1392(b)(2) as the crash giving rise to this claim occurred in the Eastern District of Pennsylvania.

## III.    FACTUAL ALLEGATIONS

26. On December 28, 2020, Defendant Watkins was operating The Tractor Trailer.

27. Defendants Freightbull, Inc. and/or DOES I-III hired, trained, and retained Defendant Watkins, contracted and/or agreed that Defendant Watkins would haul a load of goods in The Tractor Trailer subject to Defendants' Freightbull, Inc.'s and/or DOES I-III's control.

28. As a commercially licensed driver operating The Tractor Trailer for Defendants Freightbull, Inc. and/or DOES I-III, which is a licensed Federal Motor Carrier required to comply with the Federal Motor Carrier Safety Regulations, Defendants were required to be familiar with the applicable federal and state regulations.

29. Defendants knew that failure to comply with the applicable federal and state regulations while operating The Tractor Trailer could cause death or serious injury to himself or others on the road, including occupants of other vehicles.

30. Despite his training, knowledge, and awareness of the dangerous consequences of his actions, Defendant Watkins repeatedly violated the rules of the road as well as the

applicable regulations, statute, and standards (including FMCSA regulations) and practices of commercial truck drivers.

31. In the afternoon and evening hours of December 28, 2020, prior to the crash described herein, Defendant Watkins was stopped at a truck stop on the southbound side of Route 309 located at 1730 Route 309, Springfield Township, Bucks County, PA.

32. Defendant Watkins stopped at the aforementioned truck stop along the southbound lanes of Route 309 despite his intention to travel North on Route 309 when he left the truck stop that night.

33. On December 28, 2020 at approximately 9:50 p.m., Defendant Watkins was operating the Tractor Trailer when he attempted to exit the truck stop by crossing in front of two southbound lanes of traffic on Route 309 so that he could turn left onto one of the two northbound lanes of Route 309.

34. Due to the traffic conditions at the time, Defendant Watkins pulled halfway out across the roadway, blocking the southbound lanes, and stopped to allow vehicles travelling in the northbound lane to pass before he could complete his turn.

35. Due to the size and weight of the Tractor Trailer, Defendant Watkins slowly began moving from that stopped position blocking the southbound lanes to continue his turn onto the northbound lane of Route 309.

36. On December 28, 2020, at approximately 9:50 p.m., in the area of the crash, it was dark outside, the road for the southbound travelers slightly curves, and there is vegetation and signage along the southbound lanes of the highway approaching the truck stop exit.

37. The Tractor Trailer was not properly illuminated on the sides to allow for oncoming traffic in the southbound lanes to react to this obstacle in their path.

38. The speed limit on this section of Route 309 where the crash occurred is 55 miles per hour.

39. There is no traffic control device at the exit of the truck stop onto Route 309.

40. At the time of the crash, the Decedent was the driver of a 2010 silver Honda CRV in the southbound lane of Route 309 in Springfield Township, Bucks County, Pennsylvania.

41. In the moments before the crash, the Decedent was driving in the left southbound lane of Route 309, while other vehicles were travelling essentially alongside him in the right lane of southbound Route 309.

42. On or about December 28, 2020, at approximately 9:50 pm, the Decedent's vehicle collided into the box truck of The Tractor Trailer operated by Defendant Watkins that was across the southbound lanes of travel.

43. As a result of the crash, the Decedent suffered fatal injuries.

44. At all times relevant, and under the circumstances then existing, the Decedent acted in a careful and reasonable manner, and did not contribute to the happening of the crash.

## COUNT I
## NEGLIGENCE V. ALL DEFENDANTS

45. Plaintiff incorporates by reference all preceding paragraphs as if the same were fully set forth herein at length.

46. At the relevant time and place, Defendants had a duty to use reasonable care in the ownership, operation, maintenance, entrustment, lease, service, repair, control, and supervision of The Tractor Trailer.

47. At all times mentioned herein, Defendants Freightbull, Inc., and Does I-III, inclusive, hired, retained, employed, and/or contracted with agents, employees, and/or co-venturers, including Defendant Watkins, to manage, control, and operate The Tractor Trailer.

48. At all times mentioned herein, The Tractor Trailer owned by Defendants Freightbull,

Inc., and Does I-III, inclusive, was being permissibly operated by Defendant Watkins with the express permission, consent, and knowledge of Defendants Freightbull, Inc., and Does I-III, inclusive.

49. On December 28, 2020, Defendant Watkins while in the course and scope of his employment or agency with Defendants Freightbull, Inc., and Does I-III, inclusive, so negligently, recklessly, and/or carelessly operated The Tractor Trailer as to cause the crash more fully described above.

50. Defendants Freightbull, Inc., Watkins, and Does I-III inclusive, so negligently and carelessly owned, maintained, entrusted, leased, serviced, repaired, controlled, supervised, and/or operated The Tractor Trailer so as to directly, proximately, and legally cause or contribute to the crash, as more fully described in the general allegations above, thereby inflicting fatal injuries to the Decedent.

51. On December 28, 2020, Defendant Watkins negligently, recklessly, and/or carelessly drove, controlled and/or operated The Tractor Trailer in several respects, including but not limited to the following:

    a. Operating The Tractor Trailer without due regard for the traffic at the time and place of the subject incident;

    b. Failing to properly plan his trip, including where to take rests/breaks, in light of knowing where he was traveling from, where he had to travel to, and that he was operating The Tractor Trailer;

    c. Operating The Tractor Trailer in such a manner which endangered the safety of members of the public, including the Decedent;

    d. Failing to keep a careful lookout;

e. Driving The Tractor Trailer inattentively;

f. Driving The Tractor Trailer while he was distracted by taking his eyes off the road;

g. Failing to sound a warning despite the fact that he knew or should have known that there was a reasonable likelihood that such a maneuver could have reduced the likelihood of the subject incident; and

h. Failing to observe the applicable laws of the Commonwealth of Pennsylvania, including but not limited to:

   i. 25 Pa. Code Section 231.1, et seq., relating to Motor Carrier Safety Requirements

i. Failing to observe the applicable traffic laws of the Commonwealth of Pennsylvania, including but not limited to:

   i. 75 Pa.C.S.A. Section 3322 relating to vehicles turning left;

   ii. 75 Pa.C.S.A. Section 3324 relating to vehicles entering or crossing a roadway;

   iii. 75 Pa.C.S.A. Section 3331 relating to required position and method of turning;

   iv. 75 Pa.C.S.A. Section 3333 relating to moving stopped or parked vehicles;

   v. 75 Pa.C.S.A. Section 4303 relating to lighting requirements;

j. Failing to observe the applicable Federal Motor Carrier Safety Regulations, including:

   i. 49 C.F.R. Section 379, relating to Preservation of Records;

   ii. 49 C.F.R. Section 380, relating to Special Training Requirements;

    iii. 49 C.F.R. Section 382, relating to Controlled Substances and Alcohol Use and Testing;

    iv. 49 C.F.R. Section 383, relating to Commercial Drivers' License Standards, Requirements and Penalties;

    v. 49 C.F.R. Section 385, relating to Safety Fitness Procedures;

    vi. 49 C.F.R. Section 390, relating to Federal Motor Carrier Safety Regulations, General;

    vii. 49 C.F.R. Section 391, relating to Qualifications of Drivers and Longer Combination Vehicle Driver Instructors;

    viii. 49 C.F.R. Section 392, relating to Driving of Commercial Motor Vehicles;

    ix. 49 C.F.R. Section 393, relating to Parts and Accessories Necessary for Safe Operation;

    x. 49 C.F.R. Section 395, relating to Hours of Service of Drivers; and

    xi. 49 C.F.R. Section 396, relating to Inspection, Repair, and Maintenance.

52. As a result of the above-stated acts and omissions, Plaintiff's Decedent suffered fatal injuries.

53. As a result of this crash, and the moments leading up to this crash, Plaintiff and Plaintiff's Decedent suffered emotional, mental, and physical and conscious pain.

54. As a result of this crash, and the moments leading up to this crash, Plaintiff and Plaintiff's Decedent suffered emotional, mental, and physical and conscious distress.

55. As a result of this crash, and the moments leading up to this crash, Plaintiff and Plaintiff's Decedent suffered financial losses, including but not limited to those financial losses

related to the Decedent's employment, medical expenses, funeral expenses, and financial support from the Decedent.

**WHEREFORE,** Plaintiff demands judgment against Defendant Watkins, including compensatory and punitive damages, in an amount in excess of $75,000.00, together with all costs of suit, fees and interest allowed by law.

### COUNT II
### NEGLIGENT AND RECKLESS SUPERVISION/HIRING/RETENTION v. DEFENDANTS FREIGHTBULL AND DOES I-III

56. Plaintiff incorporates by reference all preceding paragraphs as if the same were fully set forth herein at length.

57. At all times mentioned herein, Defendants Freightbull, Inc. and Does I-III, inclusive, failed to provide reasonably adequate supervision of their agents, employees, servants, and/or independent contractors, including Defendant Watkins, resulting in a dangerous condition because Defendants condoned and/or inadequately supervised the activities of said agents, employees, servants, and/or independent contractors and the manner in which their employees, agents, servants, and/or independent contractors operated, controlled, and performed their duties while driving vehicles, including The Tractor Trailer, which posed a significant risk of injury to individuals, including Plaintiff's decedent, in a manner reasonably foreseeable to Defendants Freightbull and Does.

58. The negligence, carelessness, and/or recklessness of the Defendants Freightbull and Does, individually, jointly and/or severally and through their various employees, servants, agents and/or workers including, but not limited to Defendant Watkins, and/or the deliberate, grossly negligent and/or intentional acts of Defendants Freightbull and Does consisted of, but is/are not limited to the following:

a. failing to properly train, monitor and/or supervise its employees, drivers and/agents including, but not limited to, Defendant Watkins;

b. hiring and/or continuing to employ Defendant Watkins despite the fact that they knew or should have known that he was unfit to safely operate a commercial vehicle;

c. failing to have an appropriate disciplinary policy within the company;

d. hiring and/or continuing to employ Defendant Watkins despite the fact that it knew or should have known that Defendant Watkins propensity to operate tractor-trailers in violation of the applicable laws of the Commonwealth of Pennsylvania and/or in a negligent and/or reckless manner that would put the driving public in danger;

e. permitting Defendant Watkins to operate its motor vehicles when it knew or should have known that he was not properly qualified and/or trained;

f. failing to train and/or properly train Defendant Watkins prior to allowing him to operate its motor vehicles;

g. allowing Defendant Watkins to operate motor vehicles in its possession and/or control when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

h. failing to adopt appropriate employee manuals and/or training policies, practices and/or procedures;

i. failing to enforce their rules and/or regulations set out in its employee manuals and/or training policies, practices and/or procedures;

j. failing to enforce their written and unwritten policies;

k. failing to ensure that their employees, drivers and/or agents were aware of and complied with the written and unwritten policies;

l. failing to implement and/or enforce an effective safety program or system;

m. failing to ensure that their management personnel and drivers were aware of requirements and dictates of the Pennsylvania Motor Vehicle Code, Federal Motor Carrier Safety Regulations, and other applicable standards in the industry;

n. failing to ensure that their employees, drivers and/or agents complied with provisions of the Pennsylvania Motor Vehicle Code, Federal Motor Carrier Safety Regulations, and other applicable standards in the industry;

o. failing to ensure that their employees, drivers and/or agents were aware of and complied with the common practices pertaining to the reasonable number of hours a driver may operate a commercial vehicle;

p. knowingly and/or recklessly allowing their employees, servants and/or agents, such as Defendant Watkins, to operate tractor-trailers or other commercial vehicles for an unreasonable number of hours;

q. failing to regulate and/or monitor their drivers' actions;

r. placing more emphasis on profits than on safety of their drivers and the motoring public;

s. failing to act upon and remedy known violations of industry practices and/or standards;

t. acting in conscious disregard for the rights and safety of the Plaintiff's decedent;

u. hiring a driver, Defendant Watkins, who they knew or should have known had a history of motor vehicle violations;

    v. failing to have appropriate policies and procedures with regard to the hiring, training, retention and/or termination of drivers; and

    w. failing to follow the written and/or unwritten policies and procedures with regard to the hiring, training, retention and/or termination of drivers.

59. As a result of the above-stated acts and omissions, the Plaintiff's decedent suffered fatal injuries.

**WHEREFORE,** Plaintiff demands judgment against Defendants Freightbull and Does, including compensatory and punitive damages, in an amount in excess of $75,000.00, together with all costs of suit, fees and interest allowed by law.

## COUNT III
## NEGLIGENT ENTRUSTMENT v. DEFENDANTS FREIGHTBULL AND DOES I-III

60. Plaintiff incorporates by reference all preceding paragraphs as if the same were fully set forth herein at length.

61. At all times mentioned herein, Defendants Freightbull and Does, inclusive, permitted The Tractor Trailer to be used, controlled, and/or operated by Defendant Watkins, and said Defendants knew, or from facts known to them, should have known, or from facts ascertainable through the exercise of reasonable care should have known, that Defendant Watkins was a reckless, negligent, and/or incompetent driver.

62. At all times relevant, Defendants Freightbull and Does had a duty to select and hire competent drivers through their own agents, servants and/or employees and/or through the agents, servants and employees of the companies with whom each contracted for the hiring of drivers to transport goods and materials.

63. At all times relevant, Defendants Freightbull and Does failed to select and hire a competent driver and/or a competent company to select their drivers that transport its goods and materials.

64. Defendants Freightbull and Does negligently, carelessly and/or intentionally failed to properly investigate their drivers and/or the hiring practices of the companies that selected the drivers that transported its goods and materials.

65. Had Defendants Freightbull and Does looked into each other's hiring practices and/or into the hiring of Defendant Watkins, they would have learned that the other was allowing unsafe drivers, unfit drivers and/or drivers with extensive driving records to operate its vehicles.

66. Defendants knew and/or should have known that entrusting the delivery of its goods and materials to Defendant Watkins would likely cause harm to the motoring public, pedestrians and/or bystanders, such as the harm caused to the Plaintiffs on December 28, 2020.

**WHEREFORE,** Plaintiff demands judgment against Defendants Freightbull and Does, including compensatory and punitive damages, in an amount in excess of $75,000.00, together with all costs of suit, fees and interest allowed by law.

### COUNT IV
### SURVIVAL ACTION

67. Plaintiff incorporates by reference all preceding paragraphs as if the same were fully set forth herein at length.

68. As a direct and proximate result of the aforesaid negligence, recklessness, and carelessness, Decedent suffered and Defendants are liable to Plaintiff for the following damages:

  i. Decedent's pain and suffering;

  ii. Decedent's estimated future earning capacity;

  iii. Decedent's loss of retirement and social security income;

  iv. Decedent's other financial losses suffered as a result of his death;

  v. Decedent's loss of enjoyment of life; and

  vi. Such other damages as are recoverable in a survival action.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants, in an amount in excess of $75,000.00 Dollars.

## COUNT V
## WRONGFUL DEATH

69. Plaintiff incorporates by reference all preceding paragraphs as if the same were fully set forth herein at length.

70. As a direct and proximate result of the aforesaid negligence and carelessness, Plaintiffs suffered and Defendants are liable to Plaintiffs for the following damages:

  i. Funeral expenses for the Decedent;

  ii. Expenses of administration related to Decedent's injuries and death;

  iii. Plaintiffs' deprivation and injury as a result of the loss of the support, comfort, counsel, aid, association, care and services of the Decedent; and

  iv. Such other damages as are permissible in a wrongful death action.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants, in an amount in excess of $75,000.00 Dollars.

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Complaint.

Respectfully submitted,

*/s/ Leonard K. Hill/*

Leonard K. Hill, Esquire
Attorney for Plaintiff
**Hill & Associates, P.C.**
1700 Market Street, Suite 3150
Philadelphia, PA 19103
215-567-7600
Leonard@Hilljustice.com

Date: June 2, 2022