IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LILIAN P. VILLAGRAN AS THE ADMINISTRATRIX OF THE ESTATE OF ERYK SANCHINELLI, <br><br> Plaintiff <br><br> v. <br><br> FREIGHTBULL, INC., VOYD WATKINS, and JOHN DOES 1-II <br><br> Defendants | : <br> : <br> : <br> : NO. 2:22-cv-2159-GAM <br> : <br> : <br> : JURY TRIAL DEMANDED <br> : <br> : <br> : <br> : |

**ANSWER OF DEFENDANTS, FREIGHTBULL, INC. AND VOYD WATKINS TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE THE PENNSYLVANIA STATE POLICE ACCIDENT REPORT AND CONCLUSIONS AND OPINIONS IN SAME**

  Defendants, Freightbull, Inc. and Voyd Watkins, by and through counsel, Cipriani & Werner, P.C. and Donald I. Wall, Esquire, hereby Answer Plaintiff's Motion *in Limine* To Preclude the Pennsylvania State Police Accident Report and Conclusions and Opinions in Same and in support thereof incorporate by referenced the attached Brief in Support of this Answer as though the same is set forth herein at length.:

**FACTUAL BACKGROUND AND SUMMARY OF ARGUMENT**

  1. This lawsuit arises out of a motor vehicle accident which occurred on the night of December 28, 2020 when the decedent, Eryk Sanchinelli, collided with the rear tandem wheels of a tractor trailer owned by defendant, Freightbull, Inc., and operated by its driver, Voyd Watkins in Coopersburg, Pennsylvania. *A copy of the plaintiff's Complaint is attached hereto as Exhibit "A."*. The subject accident occurred as Mr. Watkins was making a left hand turn from a truck stop northbound onto State Route 309. *See Exhibit "A"* At that moment, decedent was

traveling at a high rate of speed southbound on S.R. 309 in the left of two southbound lanes of travel. He was watching a video and was speeding and distracted.

The fatal accident was investigated by a number of Police Officers who were dispatched. The sixteen Officers include J. Hood, Badge No. 13576; K. Yeager, Badge No. 12698; W. Books, Badge No. 07917; M. Rogers, Badge No. 12883; C. Diaz, Badge No. 13210; M. Gehris, Badge No. 12349; J. Marsteller, Badge No. 11175; B. Labar, Badge No. 11067; P. Jelski, Badge No. 13994; M. Jones, Badge No. 13810; D. Angstadt, Badge No. 12995; P. McMillan, Badge No. 13310 and Officer B. Glanzman who made a number of notes that formed the State Police Report which Plaintiffs now seek to Preclude. The Police Accident Report notes that the first harmful event in the crash was Decedent driver was distracted and cites the Decedent with three traffic violations: 75 Pa.C.S. Section 3714A - Carless Driving, 75 Pa.C.S. Section 3361 - Driving Vehicle at Safe Speed, and Pa.C.S. Section 4527A - Television Equipment. Exhibit A, pp. 25-26.

Plaintiffs oppose the use of the Report and Testimony of the Officers by arguing that (1) Pennsylvania law precludes the admission of police reports, and cite <u>Igwe v. Skaggs</u>, 2017 U.S. Dist. LEXIS 213954 (W.D. Pa. July 7, 2017)[1] and by arguing (2) the report is based on hearsay and lack the "trustworthiness" which is required under Rule 803(8).

To the contrary, the report, photographs, videos, statements and forensic documentation are admissible to elicit testimony about fact witnesses' awareness of the content of their statements in the Report and the report is not hearsay. Secondly, the report and photographs videos, statements and forensic scene documentation and attachments have been designated as plaintiffs as exhibits in this case and used by their experts. Thirdly, they contain detailed

---

[1] The more relevant citation is 2017 WL 5079077

2

descriptions of the facts and analytical basis upon which the State Police used to reach its conclusions.

Fourth, the analysis of State Police is not unfairly prejudicial. The reports and analysis are undeniably damaging to Plaintiffs because it undermines a core premise of Plaintiffs' theory of this case, but there is nothing unfair in presenting evidence that undermines Plaintiffs' factual assertions. Fifth, there should be no risk of jury confusion because, again, the reports bear indicia of trustworthiness as they memorialize the activities of numerous police officers who gathered videos, statements, demonstrative evidence during their seven hours at the scene.

Finally, the case Plaintiffs cite that excluded a State Police report is easily distinguishable. A close review of the facts of the Igwe decision shows that it has no application to the present case. The Igwe decision was a Products Liability case involving defective "Warnings" under Pennsylvania law against the manufacturer of transmitter system. Therefore, the case is inapposite. Perhaps more importantly, the Defendants in that case

> "concede that this report is inadmissible as evidence at trial." *See* ECFD Doc. No. 169. Given Defendants' concession, we grant Plaintiff's motion to preclude the police report without addressing the merits of Plaintiff's argument and waiver of additional arguments.

No such concession is made in this case.

Rather defendants rely upon the decisions of the United States Court of Appeals for the Third Circuit and district courts within this Circuit which have analyzed the admissibility of Pennsylvania police reports under the Federal Rules of Evidence. See, e.g., Clark v. Clabaugh, 20 F.3d 1290, 1293 (3d Cir. 1994) (holding it was not an abuse of discretion for a trial court to admit an authenticated police report as a public record); Sonnier v. Field, No. 05-14, 2007 WL 2155576, at *6 (W.D. Pa. July 25, 2007) (admitting police reports as public records under 803(8)).

As to the trustworthiness of the police officers, in <u>Clark</u> the Third Circuit affirmed the admission of a police report despite the fact that it was "unsworn, authored by an investigator who did not have personal knowledge, and which contain[ed] opinion based on hearsay." <u>Clark v. Clabaugh</u> 20 F.3d at 1294. This Honorable Court should follow the precedent and find that the police report and attachments are admissible as public records under Rule 803(8) and Plaintiffs other than conclusory statements have wholly failed to demonstrate that the circumstances under which the materials were prepared and gathered indicate a lack of trustworthiness.

WHEREFORE, Defendants, Freightbull, Inc. and Voyd Watkins request this Honorable Court deny Plaintiff's Motion.

**CIPRIANI & WERNER, P.C.**

BY: *s/Donald I. Wall*
John M. Campbell, Esquire
Donald I. Wall, Esquire
Attorneys for Defendants Freightbull, Inc. and Voyd Watkins
Federal Bar ID DW1085
450 Sentry Parkway
Suite 200
Blue Bell, PA 19422
jcampbell@c-wlaw.com
dwall@c-wlaw.com
610-567-0700
610-567-0712 facsimile