**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Lilian P. Villagran as the Administratrix of the Estate of Eryk Sanchinelli | : | CIVIL ACTION LAW |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | No. 2:22-cv-2159 |
| | : | |
| Freightbull, Inc., | : | |
| Voyd Watkins, & | : | |
| John Does I-III | : | |
| Defendants | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE ANY REFERENCE, ARGUMENT, TESTIMONY, OR EVIDENCE CONCERNING WHETHER THE DECEDENT WAS WEARING A SEATBELT**

Plaintiff, Lilian Villagran, as Adminstratrix of the Estate of Eryk Sanchinelli, submits this Brief in support of her Motion for an Order precluding Defendants from making any reference or argument, and from eliciting or presenting any evidence or testimony concerning whether the decedent, Eryk Sanchinelli was wearing a seatbelt at the time of the crash.

## I.      Factual Background

This case arises from a fatal tractor-trailer crash. The decedent, Eryk Sanchinelli (the "Decedent"), was driving southbound on Route 309. Defendant Voyd Watkins began to turn his tractor-trailer across the highway, blocking the southbound lanes. Defendant Watkins did not get out of the Decedent's way, forcing the Decedent to collide with the tractor-trailer. The Decedent was pronounced dead on the scene of the crash.

Plaintiff Lilian P. Villagran is the Decedent's widow and the Administratrix of his estate. She sued Defendant Watkins and Defendant Freightbull, Inc., for whom he was driving at the time of the crash.

This motion concerns the matter raised within Trooper Justin Hood's report, and at Trooper Justin Hood's deposition. Relevant portions of Trooper Hood's deposition is attached as Exhibit "A".

14          Q.   Now, there's other information such as

15     whether they were wearing seat belts, for example.

16          A.   Yes.

17          Q.   What did your report find with respect to

18     whether Mr. Sanchinelli was wearing his seat belt?

19          A.   He was not wearing a seat belt.

20          Q.   And your report did find that Mr. Watkins

21     was wearing his lap and shoulder belt?

22          A.   Yes.  Yes, he was.

Exhibit A.

Plaintiff now seeks to exclude any evidence concerning this matter or otherwise relating to whether the decedent was wearing his seatbelt at the time of the crash.

II.        **Legal Argument**

A.        **Standard of Review**

The purpose of the Motion in Limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Seawright v. Banning*, 2023 U.S. Dist. LEXIS 96533,*2-3 (E.D. Pa. 2023)(citing *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017)). The decision whether to grant or deny a Motion in Limine is within the sound discretion of a trial court and will not be reversed absent an abuse of discretion. *Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 489 (3d Cir. 2015).

B.        **The Evidence is Irrelevant**

Under the Pennsylvania Motor Vehicle Code, evidence regarding the Decedent's seatbelt usage is inadmissible.  Pursuant to 75 Pa.C.S.A. 4581(e),  "**In no event shall a violation or alleged violation of this subchapter be used as evidence in a trial of any civil action**; nor shall any jury in a civil action be instructed that any conduct did constitute or could be interpreted by them to constitute a violation of this subchapter; nor shall failure to use a child passenger restraint system, child booster seat or safety seat belt system be considered as contributory negligence **nor shall failure to use such a system be admissible as evidence in the trial of any civil action**; nor shall this subchapter impose any legal obligation upon or impute any civil liability whatsoever to an owner, employer, manufacturer, dealer or person engaged in the business of renting or leasing vehicles to the public to equip a vehicle with a child passenger restraint system or child booster seat or to have such child passenger restraint system or child booster seat available whenever their vehicle may be used to transport a child."

This case concerns a tractor-trailer crash in which Defendant Watkins negligently operated his vehicle by entering and obstructing the path of travel for all thru traffic on a highway, whereby he had no right-of-way to do so.

Under Rule 403: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID . 403. "Evidence cannot be excluded under Rule 403 merely because its unfairly prejudicial effect is greater than its probative value. Rather, evidence can be kept out only if its unfairly prejudicial effect 'substantially outweigh[s]' its probative value." *United States v. Womack*, 55 F.4th 219, 234 (quoting *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002)).  Here, the subject controversial evidence is irrelevant to the negligence of the Defendant.  Considering the other prong of the balancing test, any discussion of a seatbelt violation would confuse the issues and mislead the jury, and potentially cast shadows over Plaintiff's decedent's character undeservedly.

**III.     Conclusion**

Plaintiff respectfully requests that this Honorable Court grant this motion *in limine* and enter the attached proposed Order precluding any testimony, reference, argument, or evidence regarding whether the decedent was wearing a seatbelt.

**HILL & ASSOCIATES, P.C.**

*/s/Susan B. Ayres*

SUSAN B. AYRES, ESQUIRE
1700 MARKET STREET, SUITE 3150
PHILADELPHIA, PA 19103
PHONE 215-567-7600
FACSIMILE: 215-525-4311
SUE@HILLJUSTICE.COM

Date: 5/29/24