**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Lilian P. Villagran as the Administratrix of the Estate of Eryk Sanchinelli : : : Plaintiff : : vs. : : Freightbull, Inc., : Voyd Watkins, & : John Does I-III : Defendants : | | CIVIL ACTION LAW<br><br>JURY TRIAL DEMANDED<br><br>No. 2:22-cv-2159 |

**<u>PLAINTIFFS' MOTION FOR APPROVAL OF SETTLEMENT AND ALLOCATION OF PROCEEDS UNDER WRONGFUL DEATH AND SURVIVAL CLAIMS</u>**

Plaintiff, by and through her counsel, Susan B. Ayres, Esquire, hereby moves for approval of the settlement of this matter for Five Hundred and Forty-Two Thousand Dollars ($542,000.00), and distribution consistent with the attached proposed Order, and in support thereof avers the following:

1. Plaintiff Lilian P. Villagran is the wife and intestate heir of the decedent, Eryk Sanchinelli. She was appointed Administratrix of the Estate of Eryk Sanchinelli by the Lehigh County Register of Wills on April 21, 2022. See Letters of Administration, a copy of which is attached as "Exhibit A".

2. Plaintiff, at the time of the crash, resided at 9114 S. Primrose Circle Breinigsville, PA 18031. Presently, she lives at 2402 S. 18th Street, Mt. Vernon, WA 98274.

3. The 61 yr old decedent, Eryk Sanchinelli, prior to his passing, resided at 9114 S. Primrose Circle Breinigsville, PA, 18031.

4. The Decedent died on December 28, 2020; he was pronounced dead at the scene of the crash.

5. The Decedent had no will.

6. Plaintiff Lilian P. Villagran is a beneficiary of the Estate of Eryk Sanchinelli under the intestate laws of the Commonwealth of Pennsylvania.

7. The other beneficiaries of the Estate under the intestacy laws of the Commonwealth of Pennsylvania are Eryk R. Sanchinelli and Johnny Sanchinelli, the Decedent's biological sons.

8. Plaintiff Lilian P. Villagran, Eryk R. Sanchinelli and Johnny Sanchinelli are the Decedent's only beneficiaries.

9. Plaintiff's Decedent, Eryk Sanchinelli died on December 28, 2020, as a result of the injuries he sustained from the December 28, 2020 motor vehicle crash on Route 309 in Bucks County.  See Complaint.  (Doc. 1).

10. The claims brought in this lawsuit were filed pursuant to Pennsylvania's Wrongful Death and Survival Acts, 42 Pa.C.S.A. Sections 8301 and 8302.

11. Under the Wrongful Death Action, 42 Pa.C.S.A. Section 8301, damages in this case include funeral expenses, administration of the estate expenses, and compensation for the loss of household services, society, and comfort provided by the deceased, including provision of physical comforts and services and moral guidance, comfort, and support.

12.  Under the Survival Action, 42 Pa.C.S.A. Section 8302, damages in this case included the decedent's pain and suffering, and his the loss of gross earning power from the date of injury until death minus personal maintenance expenses.

13. As the Decedent was pronounced dead on the scene of the crash and was killed upon impact and was 61 years of age and therefore nearing the end of his work life, and

liability concerns justified a compromise of overall value, the damages in this case are more appropriately distributed primarily to the Wrongful Death claim.

14. Defendants have offered a settlement of $542,000.00 to settle the claims asserted by the Plaintiff in this action.

15. It is respectfully submitted that based upon the evidence, including that the Decedent passed immediately upon impact, the percentages of the damages as between the wrongful death and survival claims should be 90% wrongful death and 10% survival.

16. As such, Plaintiff requests approval of the following, and has obtained approval of this allocation from the department of revenue, which letter of approval from the Department of Revenue is attached as Exhibit "B":

    a. Wrongful Death – 90%
    b. Survival Action – 10%

17. Based upon the totality of the circumstances involved in this crash, the settling Defendants and Plaintiff desire to resolve this litigation amicably rather than proceed to Trial.

18. Plaintiff, and her counsel, agree that the $542,000.00 offer is fair and reasonable to settle the claims against these Defendants under the circumstances involved in this crash.

19. Defendants and their counsel agree that the $542,000.00 offer is fair and reasonable to settle the Plaintiff's claims.

20. In exchange for the aforementioned payment, Plaintiff has agreed to release Defendants Freightbull, Inc. and Voyd Watkins from all claims asserted in this litigation.

21. Plaintiff has a written contingency fee agreement with Hill & Associates, P.C. for 40%.

22. Plaintiffs' counsel hereby requests approval of the $542,000.00 settlement, and of the distribution of this settlement on behalf of the Estate as follows, based on :

    a. To Hill & Associates, (Counsel Fees)      $ 216,800.00

    b. To Hill & Associates, (Reimbursement of Costs)      $ 80,164.17

    c. Lilian Villagran, as Admin. Of Estate – Survival Claim[1]      $ 24,503.59

    d. Lilian Villagran - 50% beneficiary Wrongful Death Claim      $ 110,266.12

    e. Eryk Sanchinelli - 25% beneficiary Wrongful Death Claim      $ 55,133.06

    f. Johnny Sanchinelli - 25% beneficiary Wrongful Death Claim      $ 55,133.06

23. The costs of this litigation reflected in paragraph 22 (b) above include such things as:

    a. Expert fees for reports and Trial Testimony:      $ 60,879.00

    b. Deposition Transcripts/videos, and witness fees:      $ 14,361.00

    c. Court filing fees, service fees      $ 4,938.00

24. The foregoing costs were necessary to pursue this action.

25. There are no outstanding medical bills or liens from medicare.

26. Plaintiff and her undersigned counsel believe the proposed settlement is proper, fair and reasonable.

---

[1] This figure is 10% of the net settlement after fees and costs, consistent with the proposed allocation in paragraph 16 above. The distribution to the Administratrix of the Estate is made subject to compliance with 20 Pa.C.S.A. Section 3323 (b)(3).

27. Based on the foregoing, it is respectfully requested that this Honorable Court issue an Order approving the settlement and allocation of the wrongful death and survival claims as set forth above and in the attached proposed Order.

          **HILL & ASSOCIATES, P.C.**

By: */s/ Susan B. Ayres*
      Susan B. Ayres, Esquire
      Attorney for Plaintiff

Date: 6/6/24

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lilian P. Villagran as the Administratrix of the Estate of Eryk Sanchinelli<br>Plaintiff<br><br>vs.<br><br>Freightbull, Inc.,<br>Voyd Watkins,<br>Defendants | : : : : : : : : : | CIVIL ACTION LAW<br><br>JURY TRIAL DEMANDED<br><br>No. 2:22-cv-2159 |

## ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of the Plaintiff's Motion for Approval of Settlement and Allocation of Wrongful Death Benefits, and the Court having considered same, it is hereby **ORDERED** that the Court approves the proposed settlement outlined in the Motion, and the distribution with 90% of the settlement allocated as wrongful death benefits and the remaining 10% as survival benefits as follows:

   a. To Hill & Associates, (Counsel Fees)                              $ 216,800.00

   b. To Hill & Associates, (Reimbursement of Costs)                    $  80,164.17

   c. Lilian Villagran, as Admin. Of Estate – Survival Claim            $  24,503.59

   d. Lilian Villagran - 50% beneficiary Wrongful Death Claim           $ 110,266.12

   e. Eryk Sanchinelli - 25% beneficiary Wrongful Death Claim           $  55,133.06

   f. Johnny Sanchinelli - 25% beneficiary Wrongful Death Claim         $  55,133.06

**BY THE COURT:**

_____
J.

## CERTIFICATE OF SERVICE

I, Susan B. Ayres, Esquire, hereby certify that a true and correct copy of the Motion for Approval was served on all counsel of record, via the Court's electronic filing system on the below noted date.

**HILL & ASSOCIATES, P.C.**

BY: */s/ Susan B. Ayres*
Susan B. Ayres, Esquire
Attorney ID No. 87562
1700 Market Street, Ste., 3150
Philadelphia, PA 19103
215-567-7600 (p)
215-525-4311 (f)
Sue@Hilljustice.com

Date: 6/17/24